United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed September 19, 1997 Published November 18, 1997 

 No. 96-1406

 Beverly Enterprises--Pennsylvania, Inc., 

 d/b/a Grandview Health Care Center 

 Petitioner 

 v.

 National Labor Relations Board, 

 Respondent 

 On Petition for Review and Cross-Application

 for Enforcement of an Order of the

 National Labor Relations Board

 Thomas Walsh argued the cause for petitioner, with whom 
James D. Williams, Jr. was on the briefs.

 William M. Bernstein, Attorney, National Labor Relations 
Board, argued the cause for respondent, with whom Linda R. 
Sher, Associate General Counsel, and Aileen A. Armstrong, 
Deputy Associate General Counsel, were on the brief.


 BEFORE: Edwards, Chief Judge; Sentelle and 
Randolph, Circuit Judges

 J U D G M E N T

 This cause came to be heard on a petition for review from 
an order of the National Labor Relations Board ("Board") 
and a cross-petition for enforcement, and was briefed and 
argued by counsel. For the reasons stated in the accompany-
ing memorandum, it is

 ORDERED and ADJUDGED that the petition for review 
is denied and the cross-petition for enforcement is granted.

 Per Curiam

 


 M E M O R A N D U M

 Under section 2(3) of the National Labor Relations Act, 
"[t]he term 'employee'... shall not include ... any individual 
employed as a supervisor...." 29 U.S.C. s 152(3) (1994). 
Under section 2(11), a "supervisor" is defined as:

 any individual having authority, in the interest of the 
 employer, to hire, transfer, suspend, lay off, recall, pro-
 mote, discharge, assign, reward, or discipline other em-
 ployees, or responsibly to direct them, or to adjust their 
 grievances, or effectively to recommend such action, if in 
 connection with the foregoing the exercise of such au-
 thority is not of a merely routine or clerical nature, but 
 requires the use of independent judgment.

29 U.S.C. s 152(11) (1994). Under section 14(a), an employer 
cannot be compelled to bargain about the working conditions 
of supervisors. See 29 U.S.C. s 164(a) (1994).

 In order to determine whether an individual is a supervisor, 
there are three questions that must be answered. First, does 
the employee have authority to engage in one of the 12 listed 
activities in section 2(11)? Second, does the exercise of that 
authority require "the use of independent judgment"? And, 
third, does the employee hold the authority "in the interest of 
the employer"? Only if all three questions are answered in 
the affirmative is the employee a supervisor. See NLRB v. 
Health Care & Retirement Corp., 511 U.S. 571, 573-74 (1994).

 The Board has not clearly articulated a standard to distin-
guish between "routine" exercises of authority and those 
requiring "independent judgment." However, this need not 
detain us, for the question of independent judgment under 
section 2(11) is one of the degree of discretion exercised with 
respect to the statutory indicia of supervisory status. If an 
individual's discretion with respect to assignment, discipline, 
or the other statutory factors is tightly constrained, then her 
exercise of that authority is "routine" and does not involve 
"independent judgment." In this case, the matter in dispute 
is easily resolved because the employer failed to show that 


the Licensed Practical Nurses ("LPNs") at issue exercised 
anything even resembling supervisory authority.

 The record makes clear that the vast majority of the tasks 
performed by both the LPNs and Certified Nursing Assis-
tants ("CNAs") at Grandview are the same from day to day. 
The LPNs pass medication, perform treatments on patients, 
stock the medical supply cart, complete paperwork and pa-
tient assessments, and accompany doctors on rounds; the 
CNAs feed, walk, bathe and turn residents according to a 
schedule, change them when they are wet, record vital signs, 
and respond to residents' call lights. When special arrange-
ments are required (for example, when a patient's health 
changes or an accident has occurred), LPNs are notified at 
the beginning of their shift by the departing charge nurse. 
The LPN then informs the CNAs of what has occurred and 
what they must do to address the situation, for example, 
monitoring vital signs more frequently or cleaning up a mess. 
The LPNs have no authority to schedule CNAs on any given 
day or week, nor do they decide whether and when CNAs will 
be laid off. The scheduling of CNAs is done by the Assistant 
Director of Nursing.

 In short, the "assignment" and "direction" of employees by 
LPNs is extremely limited. Basically, it consists of assigning 
and monitoring the performance of discrete patient care 
tasks, scheduling CNA breaks to minimize the disruption of 
patient care, and sometimes assigning CNAs to particular 
patient rooms within a wing. The Board's determination that 
this "direction" and "assignment" of employees is merely 
routine was supported by substantial evidence in the record.

 As to "discipline," the record shows that the LPNs occa-
sionally offer evaluations of the CNAs who work on their 
wings. There is no indication that any evaluation by a LPN 
has ever resulted in an adverse personnel action. Because 
wages and benefits of the CNAs are governed by a collective 
bargaining agreement, positive evaluations do not result in 
wage increases. It was undisputed that LPNs do not have 
the authority to issue written warnings without higher ap-
proval and that they cannot terminate or suspend CNAs. In 


light of these facts, the Board's determination that LPNs do 
not actually discipline or effectively recommend discipline was 
supported by substantial evidence.

 In sum, the Board's determination that the LPNs at 
Grandview are not supervisors within the meaning of section 
2(11) of the NLRA was reasonable and supported by substan-
tial evidence. Accordingly, the petition for review is denied 
and the Board's cross-petition for enforcement is granted.